# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2009-cr-26 |
| v. | |
| DORA BIBIANA RAMIREZ LAVERDE a/k/a DORA BIBIANA R.L. CHITOLIE, JOSHUA ALLEN CHITOLIE, and ABEL AMIN GONELL ARTILES a/k/a AVEL PARILLA a/k/a AVEL PAREJA a/k/a AVEL AGONEL a/k/a SIBOW, | |
| Defendants. | |

**TO:** Denise A. Hinds, Esq., AUSA
George H. Hodge, Jr., Esq.
Patricia Schrader-Cooke, Esq., AFPD
Leslie Levi Payton, Esq.

## ORDER

THIS MATTER is before the Court upon Defendant Joshua Allen Chitolie's Motion to Vacate Order Granting Motion to Transfer Trial (Docket No. 28). Defendants Laverde and Artiles filed oppositions to said motion, and a hearing was held on Friday, April 16, 2010. Denise A. Hinds, Esq., AUSA, represented the government. George H. Hodge, Jr., Esq., appeared on behalf of Defendant Dora Bibana Ramirez Laverde; Patricia Schrader-Cooke, Esq., AFPD, appeared on behalf of Defendant Joshua Allen Chitolie; and, Leslie

Levi Payton, Esq., appeared on behalf of Defendant Abel Amin Gonell Artiles. All Defendants also were present.

Defendant Chitolie moves the Court to vacate its order granting Defendants' Laverde and Artiles' joint motion for transfer on the grounds that he was not given the opportunity to respond to the said motion prior to the issuance of the order and that the evidence before the Court was insufficient to support the order to transfer.

The Court finds that, even though the Court did not provide a lengthy explanation for its previous ruling, the evidence in the record supports transfer. The factors to be considered when deciding whether to transfer a case include:

> (1) location of [the] . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district ... involved; and (10) any other special elements which might affect the transfer.

*Platt v. Minnesota Mining & Mfg. Co.*, 376 I.S. (1964) (quoted in *In re United States*, 273 F.3d 380, 387-88 (3d Cir. 2001). The burden of proof is borne by the moving party. However, the movant is "not required to show '"truly compelling circumstances" for . . . change . . . . [of venue, but rather that] all relevant things considered, the case would be better off

transferred to another district.'" *In re United States*, 273 F.3d at 388 (quoting *Matter of Balsimo*, 68 F.3d 185,187 (7th Cir. 1995)).

In the matter at bar, Defendants Laverde and Artiles both are located in St. Thomas. Only Defendant Chitolie is located in St. Croix. This factor weighs in favor of transfer.

Given that Defendants are located in both St. Croix and St. Thomas and the incidents giving rise to the charges apparently occurred in both St. Croix and St. Thomas, it is safe to surmise that witnesses and documents and other evidence are located in both venues. Consequently, the Court finds that the factors numbered 2, 3, and 4 are neutral.

With regard to factor numbered 5, Defendant Laverde is gainfully employed and Defendant Artiles is self-employed. Defendant Chitolie also is self-employed. Unless this case is transferred, Defendants Laverde and Artiles will suffer disruption of business, which, in the aggregate, is greater than any disruption to Defendant Chitolie's business.

As with the previous factor, the expense to the parties factor weighs in favor of transfer because the expense to Defendants Laverde and Artiles is double that of Defendant Chitolie's.

When considering the location of counsel, the fact that Defendant Chitolie is represented by the Office of the Federal Public Defender is significant. The Court finds that this factor weighs in favor of transfer.

The remaining enumerated factors are neutral.

Based upon the foregoing, the Court concludes that, on balance, transfer is appropriate and that it did not err when it granted the motion and ordered this matter transferred to the Division of St. Thomas and St. John.

Accordingly, it is now hereby **ORDERED** that Defendant Joshua Allen Chitolie's Motion to Vacate Order Granting Motion to Transfer Trial (Docket No. 28) is **DENIED**.

ENTER:


Dated: April 16, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE